535 A.2d 260

In Re: Appeal of Doctor Loyde H. Hartley From the Decision of the Zoning Hearing Board of the City of Lancaster. Doctor Loyde H. Hartley, Appellant.

Argued November 16, 1987, before Judges CRAIG and COLINS, and Senior Judge BARBIERI, sitting as a panel of three.

*James R. McManus, III,* for appellant.

*William C. Crosswell, Morgan, Hallgren, Crosswell & Kane, P.C.,* for appellee.

OPINION BY JUDGE CRAIG, December 23, 1987:

In this zoning case involving the denial of a special exception for off-street parking space on premises different from those where the use is located, the sole issue is whether the record contains substantial evidence to support the zoning hearing board findings which undergird that board's conclusion that the applicant did not sustain his burden of showing compliance with specific requirements, as required by *Bray v. Zoning Board of Adjustment,* 48 Pa. Commonwealth Ct. 523, 410 A.2d 909 (1980).

The applicant landowner, Dr. Loyde H. Hartley, in order to meet the minimum off-street parking requirement applicable to the provision of a bachelor unit—a housekeeping unit occupied by three or more unrelated persons—requested a special exception to locate off-street parking on the rear of another lot owned by him, located just across an alley from the lot where the bachelor unit is to be located.

The Lancaster Zoning Hearing Board found that access problems were such that the applicant failed to show compliance with Lancaster Zoning Ordinance §122.5a, which requires, as to any special exception, a showing that satisfactory provision has been made with respect to ingress and egress.

On appeal to the Court of Common Pleas of Lancaster County, President Judge ECKMAN and Judge BUCKWALTER, upon an opinion by President Judge ECKMAN, affirmed the board's decision.

Because the trial court's opinion specifically identifies a number of elements of evidence from the record as constituting substantial evidence in support of the board's findings, the decision must be affirmed. This court's findings and conclusions concerning ingress and egress conceivably could have been different if this court had been sitting to consider the evidence in place of the zoning hearing board; the view that 10-foot and 14-foot alleyways can be insufficient to provide necessary turning space and ingress is at least debatable, considering that the City of Lancaster has apparently ordained such alleyways for the very purpose of vehicular movement and ingress. Nevertheless, the zoning hearing board heard testimony relating to turning space difficulty and obstructions in this locale, stemming from an abandoned vehicle and snow deposits. As the trial court properly recognized, the zoning hearing board is the factfinder, and the courts cannot supplant the board in that role.

One other point deserves mention. The applicant's brief seeks to discredit the board's findings by referring to the obviously incorrect phrasing of the board, in Finding No. 11, that the proposed parking space would be located "in" the alleyway. As the proposed parking plan makes clear, the parking space would not actually be within the lines of the alleyway, but would be within the lot lines, at the rear of one of the lots owned by the applicant. However, examination of all the findings shows that the board did not grossly misunderstand the situation. Finding No. 9 clearly and correctly states that the "proposed parking space, if approved, would be located at the rear of said property"—referring to the applicant's adjacent lot.

Accordingly, the decision is affirmed, upon the opinion of President Judge ECKMAN in *Appeal of Doctor Loyde H. Hartley from the Decision of the Zoning Hearing Board of the City of Lancaster,* 44 D. & C. 3d 584, (No. 2554-1985, Court of Common Pleas of Lancaster County, Filed August 7, 1986).

## ORDER

NOW, December 23, 1987, the order of the Court of Common Pleas of Lancaster County, dated August 6, 1986 is affirmed, upon the opinion of President Judge D. RICHARD ECKMAN at No. 2554-1985.